FILED'10 JUL 22 07:38 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANNY E. ARVIDSON and ANN E. ARVIDSON, as husband and wife; and MARCY J. LANDOLFO,<br><br>        Plaintiffs,<br><br>v.<br><br>DJO, LLC, a Delaware Corporation, et al.,<br><br>        Defendants. | Civ. No. 08-478-AA<br><br>OPINION AND ORDER |

Aiken, Chief Judge:

        Plaintiffs Danny Arvidson and Marcy Landolfo filed suit alleging products liability and negligence after pain pumps were used to administer local anesthetics directly into their shoulder joints following arthroscopic surgery. Defendants I-Flow, Inc. (I-Flow), McKinley Medical, LLC (McKinley), DJO, LLC (DJO) and Pacific Medical, Inc. (PacMed) are manufacturers and distributors of the accused pain pumps.

1    - OPINION AND ORDER

Before the court are several motions, including: 1) McKinley's motion for summary judgment with respect to claims brought by Danny and Ann Arvidson; 2) I-Flow's motion for summary judgment with respect to claims brought by Marcy Landolfo; and 3) DJO's motion for relief from an order dismissing Landolfo's claims against McKinley. The motions for summary judgment are granted and the motion for relief is denied.

## DISCUSSION

McKinley moves for summary judgment against claims brought by Danny and Ann Arvidson (plaintiffs), arguing that the evidence of record shows that Danny Arvidson developed glenohumeral chondrolysis before a pain pump manufactured by McKinley and distributed by DJO and PacMed was used during Arvidson's surgery in April 2005. McKinley supports its argument with the deposition testimony of plaintiffs' experts, who testified that the use of a different pain pump in July 2004 caused Arvidson's chondrolysis and the use of the McKinley pain pump in April 2005 was not a causative factor. Silver Decl., Exs. 5-6. Thus, McKinley argues that plaintiffs' claims against McKinley, DJO, and PacMed must be dismissed as a matter of law.

Plaintiffs do not respond to McKinley's motion for summary judgment or present evidence to dispute McKinley's factual assertions. I therefore accept McKinley's submitted facts as true and find that no genuine issue of material fact precludes summary judgment with respect to plaintiffs' claims against McKinley, DJO, and PacMed. L.R. 56-1(f) (material facts set forth by the moving party are "deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party"). Accordingly, McKinley's motion is granted.

Similarly, I-Flow moves for summary judgment against claims brought by Landolfo. I-Flow argues that Landolfo cannot present evidence that the pain pump device used during her surgery was

2    - OPINION AND ORDER

manufactured or distributed by I-Flow. In particular, I-Flow notes that Landolfo's description of the device used during her surgery does not describe the characteristics of the I-Flow pain pump, and that documents and other deposition testimony reveal that the I-Flow pain pump was not used by Landolfo's physician or his medical group at the time. See I-Flow's Concise Statement of Facts, ¶¶ 1-6 and accompanying exhibits. I-Flow maintains that no evidence suggests that Landolfo received an I-Flow pain pump.

Landolfo does not oppose I-Flow's motion for summary judgment or otherwise present evidence disputing I-Flow's factual assertions. Accordingly, I accept them as true and find that no genuine issue of material fact precludes summary judgment in favor of I-Flow with respect to Landolfo's claims. I-Flow's motion for summary judgment is granted.

Finally, DJO moves for reconsideration of the court's October 2008 order dismissing Landolfo's claims against McKinley, or in the alternative, for leave to file a third-party complaint against McKinley. DJO argues that at the time McKinley was dismissed as a defendant, the parties believed Landolfo's claims pertained to an I-Flow pain pump. Now that discovery has revealed the possibility that Landolfo received a McKinley pain pump and I-Flow has moved for summary judgment, DJO argues that Landolfo's claims against McKinley, the pain pump manufacturer, should be reinstated to avoid prejudice to DJO. Notably, Landolfo's claims against McKinley were dismissed pursuant to stipulation of the parties over eighteen months ago, and I find no grounds to support reconsideration under the circumstances. See Fed. R. Civ. P. 60(b), (c)(1).

Likewise, I deny DJO's alternative motion for leave to file a third-party complaint against McKinley. DJO was on notice as of September 2009 that product identification issues remained in the Landolfo case but did not seek to reinstate McKinley as a defendant until after the close of fact

3    - OPINION AND ORDER

and expert discovery and after trial dates were set for the fall of 2010. I find no justification for the delay and also find that McKinley will suffer prejudice if claims are reinstated against it at this stage of the proceedings. See AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006); see also Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

## CONCLUSION

I-Flow's Motion for Summary Judgment as to Marcy Landolfo's claims (doc. 320) and McKinley's Motion for Summary Judgment as to Danny and Ann Arvidson's claims against McKinley, DJO, and PacMed (doc. 327) are GRANTED. DJO's Motion for Relief from Order or for Leave to File Third-Party Complaint (doc. 334) is DENIED.

IT IS SO ORDERED.

DATED this 21 day of July, 2010.

*/s/ Ann Aiken*
Ann Aiken
Chief United States District Judge

4    - OPINION AND ORDER